MARY MOYES, Administratrix, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, June 30, 1911.

DEATH BY WRONGFUL ACT: Second Section Damage Act: Construction: Compensatory Damages not Recoverable: Instructions. Section 2864, Revised Statutes 1899, as amended by Laws of 1905, p. 135, providing, *inter alia,* that whenever any person shall die from any injury resulting from the negligence, etc., of any officer, agent or servant whilst running, conducting or managing any locomotive, car or train of cars, the corporation in whose employ such officer, agent or servant shall be "shall forfeit and pay as a penalty for every such person, employee or passenger so dying, the sum of not less than $2000 nor more than $10,000, in the discretion of the jury," is a highly penal statute, being intended to impose a penalty by way of punishment for the wrongful act or omission, and the jury, in fixing the amount of the penalty, in an action brought under the statute, should consider alone the degree of culpability involved in the act or omission aimed at, without reference to the pecuniary value of the life destroyed; and hence, in such an action, an instruction directing the jury to consider the age, physical condition and earning capacity of decedent at the time of his death, in arriving at the amount of their verdict, is erroneous.

Moyes v. Railroad.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED AND CERTIFIED TO SUPREME COURT.

*R. T. Railey* and *James F. Green* for appellant, St. Louis, Iron Mountain & Southern Railroad Company.

*T. M. Pierce, G. T. Priest* and *S. P. McChesney* for appellant, Terminal Railroad Association.

The court erred in giving plaintiff's instruction number 8, directing the jury, in awarding damages, to consider the physical condition and earning capacity of the deceased. Young v. Railroad, 227 Mo. 307; Casey v. Railroad, 205 Mo. 721; Childress v. Railroad, 141 Mo. App. 667; Potter v. Railroad, 136 Mo. App. 143.

*Carter, Collins, Jones & Barker* for respondent.

Physical condition, age and earning capacity are proper for consideration in arriving at amount of verdict. The jury were instructed the amount to be assessed was a "penalty." Appellants did not object to evidence on these matters, neither did they offer an instruction on amount of verdict, and they cannot therefore complain. Pratt v. Railroad, 139 Mo. App. 502 and cases cited by appellants.

CAULFIELD, J.—This is concededly a suit to recover under section 2864, Revised Statutes of 1899, amended by the laws of 1905, for the death of plaintiff's intestate, William E. Simmons. The suit was originally brought against three corporations, but plaintiff suffered a nonsuit as to one of them, the Chicago & Alton Railroad Company. She did, however, recover judgment for five thousand dollars

against the other two, the St. Louis, Iron Mountain & Southern Railway Company and Terminal Railroad Association of St. Louis, and they have duly prosecuted their appeal therefrom to this court.

The defendants assign as error the action of the trial court in giving, at the instance of the plaintiff, an instruction on the measure of damages as follows:

"The court instructs the jury that if you find for plaintiff, your verdict must not be for more than ten thousand dollars nor less than two thousand dollars, and between these limits you are the sole judges of the amount of the penalty that should be imposed, and in arriving at the amount, if you find for the plaintiff, you may consider deceased's age, physical condition and earning capacity at the time of his death."

This case presents the important question direct, whether, under section 2864 of the Revised Statutes of 1899, as amended by the act approved April 13, 1905, the jury in fixing the amount of the penalty should consider alone the degree of culpability involved in the act or omission aimed at without reference to the pecuniary value of the life destroyed. So much of section 2864, Revised Statutes 1899, as here concerns this question may be set forth as follows:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train or cars , . . . the corporation . . . in whose employ any such officer, agent, servant (or) employee , . . . shall be at the time such injury is committed, or who owns any such railroad, locomotive (or) car, at the time any injury is received resulting from or occasioned by any . . . unskillfulness, negligence or criminal intent above declared, shall forfeit and pay for every person

or passenger so dying, the sum of five thousand dollars.''

The act of 1905, so far as we are here concerned with it, in addition to making the section applicable in case of the death of an employee, amended it by inserting after the words ''forfeit and pay,'' the words ''as a penalty,'' and by striking out the words ''five thousand dollars'' and inserting in lieu thereof the words, ''not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury;'' so that that portion of the section affected was made to read as follows: ''Shall forfeit and pay as a penalty for every such person, employee or passenger so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars in the discretion of the jury.''

Prior to the amendment of 1905 it was held that section 2864 was highly penal, and that the amount named in the statute was intended to be a penalty inflicted as a punishment upon the person guilty of the wrongs therein sought to be prevented, and not as compensation to the party aggrieved. [Casey v. Transit Co., 116 Mo. App. 235, 91 S. W. 419; Young v. Railroad, 227 Mo. 307, 333, 127 S. W. 19.] It has been said that such acts as this one are both penal and compensatory, and that is true in a sense, but we believe only in the sense that the penalty, as such, may under the statute accrue to the one aggrieved and to the extent of such penalty compensate him or her. Such compensating is a mere incident, if not to say chance. It concerns merely the disposition of the penalty after it has been imposed as such, and has nothing to do with such imposition or the manner thereof. Without changing the character of the act in the least the Legislature might have made an entirely different disposition of the penalty imposed. It might have given it to the state or county. [Bar-

nett v. Atlantic & Pacific Ry. Co., 68 Mo. 56, 63.] If it had, no one would question the impropriety of ascertaining the pecuniary value of the life destroyed for the purpose of fixing the amount of the penalty. The amendment of 1905 left the statute in its penal nature the same as it was before, the only difference being that, after the amendment, the penalty was any sum in the discretion of the jury, within the limits provided. [Potter v. St. Louis & San Francisco Railroad Co., 136 Mo. App. 125, 144, 117 S. W. 593; Young v. Railroad, 227 Mo. 307, 127 S. W. 19.] If anything, its character as a highly penal statute was emphasized by that amendment, for it added the words "as a penalty," so as to make the statute read "shall forfeit and pay *as a penalty* . . . in the discretion of the jury." It has been asserted as a matter of contemporary history that in framing the amendment of 1905 the Legislature inserted the words "as a penalty" out of fear that otherwise the strictly penalty feature of the old law might be held to have been destroyed by departing from the fixed penalty. [Childress v. Southwest Missouri Railroad Co., 141 Mo. App. 667, 689, 126 S. W. 169.] It is possible, though not probable, that changing the amount of recovery from a fixed amount to an amount partly fixed and partly unascertained might, standing alone, have justified legitimate controversy as to whether it was intended thereby, (1) to make the amount of such unascertained portion compensatory, measuring it by the pecuniary value of the life destroyed, or (2) to leave it solely penal, varying, as is often provided in the case of crimes and misdemeanors, according to the character of the act or omission sought to be punished. If the Legislature had desired to express the first intent, it is reasonable to assume that it would have used language apt for that purpose, for the courts had declared

158 App.—30

the act, before its amendment, to be penal in its nature. It did not do that; on the contrary, it inserted the words "as a penalty," thereby negativing the idea of compensation, emphasizing the idea of punishment, and justifying the conclusion that the jury should mulct the offender according to the degree of his offense, rather than according to the pecuniary value of the life of the victim. Our Supreme Court evidently found that to be the purpose of the amendment, for, in upholding the indefiniteness of the penalty as constitutional, it laid stress upon the fact that from time immemorial it had been customary in England and America for legislatures to prescribe the punishment for crime within limits and empower the court or jury to fix the exact punishment within those limits. [Young v. Railroad, 227 Mo. 307, 127 S. W. 19.] In our opinion, the statute being intended to impose a penalty by way of punishment for the wrongful act or omission and thereby to deter others and thus preserve human life regardless of its pecuniary value, the jury, in fixing the amount of the penalty, should consider alone the degree of culpability involved in the act or omission aimed at, without reference to the pecuniary value of the life destroyed. Such is the rule in Alabama under a statute construed to impose a penalty to be fixed by the jury. [Richmond, etc., R. R. Co. v. Freeman, 97 Ala. 289, 294.] The Springfield Court of Appeals seems to be of the same opinion. [Childress v. Railroad, 141 Mo. App. 667, 126 S. W. 169.] We have no doubt either that such is the opinion of our Supreme Court, for in a recent case it resorted to this very plain language: "In the case at bar, however (a case brought under section 2864 as amended in 1905), the damages are not given as compensation to the party aggrieved, but as a penalty which the law prescribes for the negligent killing of a human being; it is all penal in its character and in fixing the penalty

the jury have a right to consider the conduct of the negligent party beyond the mere finding that he was negligent; they may consider whether the conduct which resulted in the catastrophe arose from mere inattention, or was wilful, wanton or reckless. That is what the jury does on assessing the punishment for a crime and it is what the amendment of 1905 to section 2864 authorizes the jury to do in assessing the amount of the penalty under that section of the statute." [Young v. Railroad, 227 Mo. 307, 1. c. 332, 127 S. W. 19.]

Now it is evident that the instruction before us is erroneous in the view we have adopted, for it directs the jury that, "in arriving at the amount, if you find for the plaintiff, you may consider deceased's age, physical condition and earning capacity at the time of his death." To consider the age, physical condition and earning capacity in fixing the amount of recovery would necessarily result in imposing the remedy as compensatory damages not as a penalty, for those elements go to the value of the life destroyed and not to the quality or. degree of the destructive act or omission. For this error, the judgment will be reversed and the cause remanded.

The conclusion herein announced being in conflict with that entertained by the Kansas City Court of Appeals and announced in Pratt v. Railroad Co., 139 Mo. App. 502, 122 S. W. 1125, the case will be certified to the Supreme Court in obedience to the constitutional mandate, for final determination. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

## CONCURRING OPINION.

REYNOLDS, P. J.—I concur in the above opinion and in the decision, and in doing so take occasion to say that the remark I made in Potter v. Railroad, 136

Mo. App. l. c. 145, 117 S. W. 593, in answering the argument that the verdict was excessive, that "the defendant itself brought out the fact that the husband was practically the sole support of his wife and three children and that we are all of the opinion that the defendant has no cause whatever to complain of the amount of this verdict," may be misleading. All of it except that part of it which holds that the defendant has no cause whatever to complain of the amount of the verdict is *obiter* and is not applicable to a case brought under section 2864.